IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELANIE DYE,

        Plaintiff,                     No. 2:12-cv-3090 MCE AC PS

   vs.

FIRST SOURCE FUNDING GROUP, INC. *et al.*,

        Defendants.              FINDINGS & RECOMMENDATIONS

                                /

        On April 24, 2013, the court held a hearing on defendants' January 25, 2013 motion to dismiss. Ethan Schatz appeared for the moving defendants. Plaintiff Melanie Dye did not appear. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of defense counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.    <u>Facts Underlying Complaint</u>

        On November 8, 2005, plaintiff obtained a mortgage loan in the amount of $600,000, secured by real property located at 8416 Coyote Hill Lane, Winters, CA 95694 ("the Subject Property"). Compl. ¶¶ 20, 25; Defs.' Req. for Judicial Notice ("RJN"), Ex. A. The

Deed of Trust ("DOT"), which was recorded in the Solano County Recorder's Office on November 16, 2005, Recorder No. 200500177683, identifies First Source Funding Group, Inc. ("First Source") as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary, and Alliance Title Company as the Trustee.[1]  RJN, Ex. A.

On June 24, 2011, an Assignment of Deed of Trust was recorded in the Solano County Recorder's Office, Recorder No. 201100056359.  RJN, Ex. B.  By way of this assignment and for value received, MERS granted, sold, assigned, transferred, and conveyed to the Bank of New York Mellon, formerly known as The Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A., as trustee for the holders of SAMI II Trust 2005-AR8, Mortgage Pass-Through Certificates, Series 2005-AR8 ("the Bank of New York"), all beneficial interest under the DOT.  Id.

On January 13, 2012, a Substitution of Trustee was recorded in the Solano County Recorder's Office, Recorder No. 201200003493.  RJN, Ex. C.  There, ReconTrust Company, N.A. ("ReconTrust") was substituted in for Alliance Title Company as the Trustee.  Id.

Also on January 13, 2012, a Notice of Default and Election to Sell Under Deed of Trust was recorded in the Solano County Recorder's Office, Recorder No. 201200003494. RJN, Ex. D.

On April 18, 2012, a Notice of Trustee's Sale was recorded in the Solano County Recorder's Office, Recorder No. 201200036176.  RJN, Ex. E.  The Subject Property was scheduled to be sold at public auction on May 11, 2012.  Id.

Finally, on April 25, 2012, a Corporation Assignment of Deed of Trust was recorded in the Solano County Recorder's Office, Recorder No. 201200038607.  RJN, Ex. F.  By way of this recorded document, the Bank of New York transferred its interest to Southwest First Source 2005 Corporate Pass-Through Certificates Series 2005.  Id.

---

[1] In the complaint, plaintiff identifies LandSafe as the Trustee.  See Compl. ¶ 26.

2

B.     The State Action

On April 20, 2012, plaintiff initiated an action in the Solano County Superior Court and was proceeding on an amended complaint filed on May 3, 2012 ("the State action"). See RJN, Ex. G. There, plaintiff brought suit against Bank of America (also known as The Bank of New York), First Source, ReconTrust, and LandSafe for quiet title based on multiple alleged improprieties related to the servicing of the November 8, 2005 mortgage loan secured by the Subject Property, as well as the non-judicial foreclosure of the Subject Property. Plaintiff also asserted federal claims for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

Defendants filed a demurrer[2] to the amended complaint, which was sustained by order dated August 2, 2012. See RJN, Ex. H. Plaintiff's State action was dismissed without leave to amend, and judgment was entered in favor of defendants. Id.

C.     The Federal Action

On December 26, 2012, plaintiff filed suit in this court against Bank of America, First Source, ReconTrust, LandSafe, and MERS. Here, as in the State action, plaintiff accuses defendants of a number improprieties related to the servicing of the November 8, 2005 mortgage loan, as well as the proposed sale of the Subject Property. For example, as in the State action, plaintiff disputes the title and ownership of the Subject Property, arguing that First Source has failed to show a perfected sale, assignment, and/or transfer of its ownership interest in the Promissory Note to Bank of America, the alleged servicer of the mortgage loan. Compl. ¶¶ 17, 31. Plaintiff then accuses Bank of America of improperly selling the Promissory Note to the Bank of New York Mellon (formerly known as The Bank of New York) as the successor trustee to JPMorgan Chase Bank, N.A., as trustee for the holders of Sami II Trust, a Real Estate

---

[2] "The motion to dismiss for failure to state a claim is the federal equivalent of the general demurrer." Bach v. County of Butte, 147 Cal. App. 3d 554, 563 n.7 (1983).

3

Mortgage Investment Conduit ("REMIC") trust. Id. ¶¶ 18, 31. Plaintiff also alleges that the DOT is void, having been paid in full when First Source sold the loan to Bank of America. Id. ¶ 35. Additionally, because defendants have purportedly failed to provide evidence that they are in fact the holder of the Promissory Note, plaintiff claims that none of them have authority to collect on the note. Id. ¶ 42. Plaintiff brings claims under state law for wrongful foreclosure, fraud, quiet title, and declaratory relief. Though not listed as any of the four enumerated causes of action, plaintiff alleges that defendants violated the FDCPA, TILA, and RESPA. See id. ¶¶ 2-3, 38, and 40. Plaintiff seeks damages, as well as declaratory and injunctive relief.

On January 25, 2013, defendants filed a motion to dismiss. Defendants seeks dismissal of this action on the following grounds: (1) plaintiff's claims are barred under collateral estoppel and res judicata; (2) plaintiff's wrongful foreclosure claim fails because plaintiff has not tendered her debt; (3) plaintiff's fraud cause of action fails because it is not pled with particularity; (4) plaintiff's quiet title cause of action fails to state a claim; (5) plaintiff's declaratory relief cause of action fails because declaratory relief is not available to address past wrongs; (6) plaintiff's cause of action for injunctive relief fails because that is not a cause of action; (7) the Assignment of the DOT and Substitution of Trustee were valid; (8) plaintiff's FDCPA claim fails to state a claim because foreclosure is not subject to this act; (9) plaintiff's TILA claim is barred by the statute of limitations; and (10) plaintiff's notice of cancellation of loan under RESPA fails to allege a violation.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

1  550 U.S. 544, 555 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's
2  ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.
3         In determining whether a complaint states a claim on which relief may be granted,
4  the court accepts as true the allegations in the complaint and construes the allegations in the light
5  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
6  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
7         The court may consider facts established by exhibits attached to the complaint.
8  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also
9  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
10  1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other
11  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
12  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."
13  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
14         A pro se litigant is entitled to notice of the deficiencies in the complaint and an
15  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
16  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

DISCUSSION

A.   Judicial Notice

Defendants ask the court to take judicial notice of documents accompanying their motion to dismiss.  See RJN (ECF No. 7).  These documents include: (1) the DOT, RJN, Ex. A; (2) the Assignment Deed of Trust, id., Ex. B; (3) the Substitution of Trustee, id., Ex. C; (4) the Notice of Default and Election to Sell Under Deed of Trust, id., Ex. D; (5) the Notice of Trustee's Sale, id., Ex. E; (6) the Corporation Assignment of Deed of Trust, id., Ex. F; (7) plaintiff's First Amended Complaint in the State action, id., Ex. G; and (8) the Notice of Entry of Order and Judgment in the Superior Court of Solano County, id., Ex. H.

The court may take notice of facts that are capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996). In actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan. Kelley v. Mortgage Electronic Registration Systems, Inc., 642 F. Supp. 2d 1048, 1052-53 (N.D. Cal. 2009). A court may also take "judicial notice of matters of public record outside the pleadings." Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). The court has examined each of the exhibits for which judicial notice is requested and finds that each of the exhibits is suitable for judicial notice as matters of public record outside of the pleadings. See Fed. R. Evid. 201(b).

B.      Plaintiff's Federal Claims

Defendants move to dismiss the complaint as barred by the doctrine of res judicata. Before considering the remainder of defendants' arguments, the court will first consider whether the State action precludes plaintiff's federal causes of action asserted here.

       1.      Identity of Claims

First, the court considers whether there is identity between the federal claims brought in the instant complaint and those that were or could have been raised in the State action. Here, in addition to her state law claims, plaintiff alleges violations of the FDCPA, TILA, and RESPA. In the State action, plaintiff also asserted federal claims for violations of the FDCPA, TILA, and RESPA. Both actions dispute title and ownership of the Subject Property, on grounds of the same transactions and occurrences. Accordingly, the court finds an identity of claims, satisfying the first requirement for res judicata.

       2.      Final Judgment on the Merits

Next, the court determines whether the first action resulted in a final judgment on the merits. Federal courts apply the doctrine of res judicata to a state court judgment to the same extent that courts of that state would apply the doctrine. Eichman v. Fotomat Corp., 759 F.2d

6

1434, 1438 (9th Cir. 1985); Moore v. City of Costa Mesa, 678 F. Supp. 1448, 1450 (C.D. Cal. 1987). In the State action, all of plaintiff's claims were dismissed without leave to amend after the trial judge sustained defendants' demurrer. Under California law, a superior court judgment on an order sustaining a demurrer without leave to amend is a final judgment on the merits for purposes of res judicata analysis. Crowley v. Modern Faucet Manufacturing, 44 Cal. 2d 321, 323 (1955). Thus, the second requirement for res judicata is also satisfied.

        3.        Identity or Privity Between Parties

Finally, the court must consider whether there is identity or privity of parties in the two actions. With the exception of MERS, all parties to this action are identical to the parties in the State action. The court therefore need only determine whether there is privity between MERS and any of the other defendants.

Privity may exist, even when the parties are not identical, if "there is a substantial identity between parties, that is, when there is sufficient commonality of interest." Tahoe–Sierra Pres. Council, 322 F.3d at 1081 (citation omitted); see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted). "Nonparty preclusion may be based on a pre-existing substantive legal relationship between the person to be bound and a party to the judgment, e.g., assignee and assignor." Taylor v. Sturgell, 553 U.S. 880, 881 (2008); see also In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) ("[A] non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party.").

The recorded documents show that the Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A., as trustee for the holders of SAMI II Trust 2005-AR8, Mortgage Pass-Through Certificates, Series 2005-AR8 ("the Bank of New York"), was assigned MERS's beneficial interest under the DOT on June 24, 2011. RJN, Ex. B. As the beneficial interest in the DOT was previously assigned to MERS before it was transferred to the Bank of New York,

7

which plaintiff alleges is also known as defendant Bank of America, the court finds that MERS is in privity with Bank of America (aka Bank of New York), who was a defendant in the State action. Thus, the court finds the third requirement is satisfied.

All three requirements of res judicata being met, the court accordingly finds that defendants' motion to dismiss all of plaintiff's federal claims should be granted on the basis of claim preclusion. Because amendment of these claims would be futile, the dismissal should be with prejudice.

C.   State Law Claims

Defendants also argue that plaintiff's remaining state law claims should be dismissed for failure to state a claim upon which relief can be granted. However, plaintiff's federal claims provide the sole basis for federal subject matter jurisdiction here. While federal courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

Because plaintiff's federal claims should be dismissed with prejudice as barred by res judicata, the undersigned also recommends that the court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted;

2. Plaintiff's federal claims be dismissed with prejudice; and

3. Plaintiff's remaining state law claims be dismissed without prejudice to their

renewal in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;dye3090.mtd